IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARGARET WIENSTROER, )
)
       Plaintiff, )
)
vs. ) Case No. 08-cv-0457-MJR-DGW
)
WAL-MART STORES, INC., )
)
       Defendant. )

## MEMORANDUM AND ORDER

REAGAN, District Judge:

      Removed from the Circuit Court of St. Clair County, this lawsuit seeks damages for personal injuries sustained when Margaret Wienstroer "violently fell to the floor" of a Wal-Mart, after slipping on a clear liquid in front of the refrigerated dairy case. Defendant Wal-Mart invoked subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332.

      Section 1332 confers original jurisdiction over suits in which the amount in controversy exceeds $75,000, and the action is between citizens of different states. The party invoking jurisdiction must demonstrate that all jurisdictional requirements have been met. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006), *cert. denied*, 127 S. Ct. 2952 (2007); *Hart v. FedEx Ground Pkg. Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

On threshold review of the case, the undersigned District Judge found the parties completely diverse but directed counsel to brief whether the amount in controversy sufficed. As the proponent of federal jurisdiction, Wal-Mart must show by a preponderance of the evidence that the amount-in-controversy requirement has been satisfied. *Oshana*, 472 at 511, *citing Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

As a general rule in a removed case, a "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* Once the removing defendant establishes the required amount in controversy, the plaintiff can defeat jurisdiction only if "it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.*

Wienstroer's jurisdictional memo (Doc. 7, p. 2) references the standard of "reasonable probability that the amount in controversy exceeds $75,000." But *Sadowski* clarified the standard to be applied when a question exists as the sufficiency of the amount in controversy and *retracted* the "often-misused phrase coming from *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993), that the proponent of federal jurisdiction must show a 'reasonable probability that jurisdiction exists.'" *LM Ins. Corp. v. Spaulding Enterprises, Inc.*, - F.3d -, 2008 WL 2652868, *3 (7th Cir. July 8, 2008).

2

The post-*Sadowski* standard to be applied "when it is contested whether the amount in controversy requirement has been satisfied" is that the proponent of federal jurisdiction must prove the jurisdictional facts by a preponderance of the evidence.

Once he has done so:

> uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails …) will exceed the threshold, does not justify dismissal. Only if it is legally certain that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed.

*LM*, 2008 WL 2652868 at *3, *citing Sadowski*, 441 F.3d at 543.

In the case at bar, Wal-Mart has met its burden of proving a sufficient amount in controversy via preponderance of the evidence. And Wienstroer has not proven to a legal certainty that her claim is for less than the requisite amount.

Interrogatory answers which predate removal identified medical bills over $104,000 and advised that Wienstroer had not returned to work from April 2007 through June 11, 2008. The complaint itself alleges that the fall required Wienstroer to incur significant medical bills for doctors and hospitalizations and to suffer "great pain and mental anguish," including future great pain and mental anguish for injuries to her neck, back, and internal organs.

Under these circumstances, the phrase "in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000) and under SEVENTY FIVE THOUSAND DOLLARS ($75,000)" in the state court complaint does not preclude removal. Finally, the Court is not persuaded by Wienstroer's argument that the "case is too immature to evaluate" the amount in controversy (Doc. 7, p. 3) or that remand is warranted because: "The Courts of St. Clair County are open for business. The Federal Courts are busy" (Doc. 7, p. 4). The latter statement certainly is true but does not warrant remand.

The amount in controversy suffices, and this Court enjoys subject matter jurisdiction under 28 U.S.C. § 1332. Accordingly, the case will be tracked and assigned a firm trial date.

IT IS SO ORDERED.

Dated this 15th day of July 2008.

s/ Michael J. Reagan
Michael J. Reagan
United States District Judge