IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARGARET WIENSTROER,            )
                                )
            Plaintiff,          )
                                )
vs.                             )   Case No. 08-cv-0457-MJR-DGW
                                )
WAL-MART STORES, INC.,          )
                                )
            Defendant.          )

## MEMORANDUM AND ORDER

Reagan, District Judge:

This case is set for jury trial on April 19, 2010 and final pretrial conference on April 2, 2010. Those settings resulted from an amended discovery schedule issued by Magistrate Judge Wilkerson in April 2009, after the undersigned District Judge granted a motion to extend the discovery schedule and continue trial (*see* Docs. 16, 18, 19). The amended schedule included various deadlines for disclosing expert witnesses, a discovery completion deadline of December 1, 2009, and a dispositive motion deadline of December 22, 2009.

Those dates and deadlines passed, no motions were filed to extend them. On March 10, 2010, Plaintiff moved to enlarge the time to depose a witness. Specifically, Plaintiff's counsel moves the Court to extend the deadline for depositions so that he can depose (and presumably call at trial or present at trial the deposition testimony of) Sandy Freiburg, LCSW of Catholic Social Services of Southern Illinois, "concerning the emotional trauma and melancholy of the Plaintiff after her fall" (Doc. 23, p. 1).

-1-

Plaintiff acknowledges that Defendant opposes the requested extension of the discovery deadline. Despite this, Plaintiff contends that the Court should reopen discovery, allow Plaintiff to depose Freiburg, and *give Defendant* "ample time to have the Plaintiff examined by their own expert if they wish and/or [to] depose Sandy Freiburg" (*id.*).

Having litigated for years before taking the bench, the undersigned Judge is aware that – from time to time – issues arise and relevant evidence comes to light after a deadline imposed in a Scheduling and Discovery Order. In the case at bar, though, the Court has already extended the discovery schedule *and trial date* once, allowing both parties ample time to complete discovery herein. Plaintiff's motion comes long after the extended deadlines elapsed. Additionally, Plaintiff's motion offers no reason why Plaintiff's counsel did not know of Freiburg's counseling or schedule Freiburg's deposition prior to the discovery deadline. More troubling is the fact Plaintiff's motion asks only to "enlarge the time to depose" Freiburg, overlooking the fact that Plaintiff (best the Court can glean) failed to ever *identify this expert at all*, the deadline for which elapsed **eleven months ago** on April 15, 2009 (see Doc. 19, p. 4).

Furthermore, it is impossible for the Court to grant Plaintiff's motion, reopen discovery, permit Freiburg to be deposed by Plaintiff's counsel, *give Defendant sufficient time to counter Freiburg's testimony by naming a new witness or having an existing defense expert examine Plaintiff*, and maintain the current final pretrial conference and trial settings. Entry of a new Scheduling Order necessarily would involve continuing trial, and the next

available date on the undersigned Judge's docket for a civil trial is September 20, 2010.

For all these reasons, the Court **DENIES** Plaintiff's "Motion to Enlarge Time to Depose Witness" (Doc. 23).  Two other motions remain pending, both filed March 12, 2010:  Doc. 24, Defendant's motion in limine to bar evidence of lost profits, and Doc. 25, Defendant's motion in limine to bar evidence regarding psychological/emotional damages (including any testimony by the belatedly-disclosed Sandy Freiburg).  **Plaintiff shall respond** to those two motions (Docs. 24 & 25) no later than **March 22, 2010**.

IT IS SO ORDERED.

DATED March 15, 2010.

> s/ Michael J. Reagan
> MICHAEL J. REAGAN
> United States District Court